Case Nos. 22-3101, 22-3102

# United States Court of Appeals
# For the Sixth Circuit

Larry Holder, et al., on behalf of themselves and others similarly
situated,
*Plaintiffs-Appellees / Cross-Appellants*,

A&L Home Care and Training Center, LLC, et al.,
*Defendants-Appellants / Cross-Appellees.*

On Appeal from the for the Southern District of Ohio,
Western Division, No. 1:20-cv-757

**BRIEF OF AMICUS CURIAE THE NATIONAL EMPLOYMENT
LAWYERS ASSOCIATION IN SUPPORT OF
APPELLEES / CROSS-APPELLANTS**

Richard J. (Rex) Burch
**BRUCKNER BURCH** PLLC
11 Greenway Plaza, Ste. 3025
Houston, Texas 77046
(713) 877-8788
rburch@brucknerburch.com

Clif Alexander
Lauren E. Braddy
**ANDERSON ALEXANDER,** PLLC
819 N. Upper Broadway
Corpus Christi, Texas 78401

Sarah Schalman-Bergen
Olena Savytska
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116

**Counsel for Amicus Curiae**

# DISCLOSURE STATEMENT

The National Employment Lawyers Association (NELA) has no parent corporation, nor has it issued shares or securities. The Internal Revenue Service determined NELA is organized and operated exclusively for advancing employee interests and serving lawyers who advocate for workers, pursuant to 26 U.S.C. § 501(c)(6) and is exempt from income tax. NELA is organized and operated as a not-for-profit corporation under the laws of the state of Ohio.

NELA is not aware of any publicly owned corporation that is not a party to the appeal or an amicus with a financial interest in the outcome of this case.

/s/ Rex Burch
Richard J. (Rex) Burch
*Counsel of Record for Amicus Curiae*
*National Employment Lawyers*
*Association*

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abraham v. St. Croix Renaissance Grp., L.L.L.P,*
   719 F.3d 270 (3d Cir. 2013) .......................................................... 7
*Alden v. Maine,*
   527 U.S. 706 (1999) ...................................................................... 22
*Ball v. Memphis Bar-B-Q Co.,*
   228 F.3d 360 (4th Cir. 2000) ....................................................... 24
*Bernardez v. Firstsource Sols. USA, LLC,*
   No. 3:17-CV-613-RGJ, 2019 WL 4345986 (W.D. Ky. Sept. 12, 2019) ......... 13
*Branson v. All. Coal, LLC,*
   No. 4:19-CV-00155-JHM, 2021 WL 1550571 (W.D. Ky. Apr. 20, 2021) ...... 16
*Brasfield v. Source Broadband Servs., LLC,*
   No. 2:08-2092-JPM/DKV, 2008 WL 2697261 (W.D. Tenn. June 3, 2008) ... 13
*Braunstein v. E. Photographic Lab'ys, Inc.,*
   600 F.2d 335 (2d Cir. 1978) .......................................................... 9
*Brewer v. All. Coal, LLC,*
   No. 7:20-CV-0041, 2021 WL 1307721 (E.D. Ky. Apr. 6, 2021) .............. 16, 17
*Briggs v. PNC Fin. Servs. Grp., Inc.,*
   No. 15-CV-10447, 2016 WL 1043429 (N.D. Ill. Mar. 16, 2016) ................... 14
*Campbell v. City of Los Angeles,*
   903 F.3d 1090 (9th Cir. 2018)...................................................passim
*Clark v. Sw. Energy Co.,*
   No. 4:20-CV-00475-KGB, 2022 WL 993755 (E.D. Ark. Mar. 31, 2022) ...... 18
*Clarke v. Convergys Customer Mgmt. Grp., Inc.,*
   370 F. Supp. 2d 601 (S.D. Tex. 2005)............................................. 2
*Comer v. Wal-Mart Stores, Inc.,*
   454 F.3d 544 (6th Cir. 2006)....................................................passim
*Crawford v. Lexington-Fayette Urb. Cnty. Gov't,*
   No. CIV.A.06-299 JBC, 2007 WL 293865 (E.D. Ky. Jan. 26, 2007) ...... 12, 16
*Genesis Healthcare Corp.,*
   569 U.S. 66 (2013).................................................................passim
*Hambrick v. Promevo, LLC,*
   No. CV 19-17-DLB-CJS, 2020 WL 3621315 (E.D. Ky. July 2, 2020) .......... 12
*Hamm v. S. Ohio Med. Ctr.,*
   275 F. Supp. 3d 863 (S.D. Ohio 2017) ......................................... 13

*Hipp v. Liberty Nat. Life Ins. Co.*,
  252 F.3d 1208 (11th Cir. 2001) ................................................................ 11
*Hoffmann-La Roche Inc. v. Sperling*,
  493 U.S. 165 (1989) ........................................................................... passim
*Hughes v. Region VII Area Agency on Aging*,
  542 F.3d 169 (6th Cir. 2008) ................................................................. 21
*Hunter v. Legacy Health*,
  No. 3:18-CV-02219-AC, 2021 WL 4238991 (D. Or. Apr. 13, 2021) ............. 19
*James v. Boyd Gaming Corp.*,
  522 F. Supp. 3d 892 (D. Kan. 2021) ...................................................... 23
*Jones v. Converse Elec., Inc.*,
  No. 21CV-1830, 2021 WL 5027411 (S.D. Ohio Oct. 29, 2021) .................... 17
*Jones-Turner v. Yellow Enter. Sys., LLC*,
  No. CIV.A. 3:07-CV-218, 2007 WL 3145980 (W.D.Ky. Oct. 25, 2007) .. 12, 17
*Jowers v. NPC Int'l, Inc.*,
  No. 13-1036, 2016 WL 4435261 (W.D. Tenn. Aug. 22, 2016) .................... 13
*Kapzynski v. Colt Barbeque & Spirits LLC*,
  No. CV-21-08040-PCT-MTL, 2021 WL 6063533 (D. Ariz. Dec. 22, 2021) .. 19
*Kleinhans v. Greater Cincinnati Behav. Health Servs.*,
  No. 1:21-CV-00070, 2022 WL 682664 (S.D. Ohio Mar. 8, 2022) ................ 17
*Leuthold v. Destination Am., Inc.*,
  224 F.R.D. 462 (N.D. Cal. 2004) ........................................................... 12
*Lewis v. Huntington Nat. Bank*,
  789 F. Supp. 2d 863 (S.D. Ohio 2011) .................................................... 11
*McClurg v. Dallas Jones Enterprises Inc.*,
  No. 4:20-CV-00201-JHM, 2021 WL 5763563 (W.D. Ky. Dec. 3, 2021) ........ 18
*McCoy v. Elkhart Prod. Corp.*,
  No. 5:20-CV-05176, 2021 WL 510626 (W.D. Ark. Feb. 11, 2021) .............. 18
*McKenna v. Champion Int'l Corp.*,
  747 F.2d 1211 (8th Cir. 1984) ................................................................. 9
*Mickles on behalf of herself v. Country Club Inc.*,
  887 F.3d 1270 (11th Cir. 2018) ................................................................ 7
*Monroe v. FTS USA, LLC*,
  860 F.3d 389 (6th Cir. 2017) ................................................................. 11
*Mooney v. Aramco Servs. Co.*,
  54 F.3d 1207 (5th Cir. 1995) ................................................................... 8
*Morris v. MPC Holdings, Inc.*,
  No. 20-CV-02840-CMA-NYW, 2021 WL 4124506 (D. Colo. Sept. 9, 2021) . 20
*Murphy v. Lab. Source, LLC*,
  No. 19-CV-1929 (ECW), 2022 WL 378142 (D. Minn. Feb. 8, 2022) ............ 19

*Myers v. Hertz Corp.*,
   624 F.3d 537 (2d Cir. 2010) ............................................................. 5, 11, 15

*Myers v. Marietta Mem'l Hosp.*,
   201 F. Supp. 3d 884 (S.D. Ohio 2016) ........................................... 13

*Nicks v. Koch Meat Co.*,
   265 F. Supp. 3d 841 (N.D. Ill. 2017) ............................................. 14

*Noble v. Serco, Inc.*,
   No. CIV.A.3:08-76-DCR, 2009 WL 3154252 (E.D. Ky. Sept. 28, 2009) ....... 12

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985) ....................................................................... 6

*Piazza v. New Albertsons, LP*,
   No. 20-CV-03187, 2021 WL 365771 (N.D. Ill. Feb. 3, 2021) ........................ 20

*Pritchard v. Dent Wizard Int'l Corp.*,
   210 F.R.D. 591 (S.D. Ohio 2002) ................................................... 13

*Riley v. SK United Corp.*,
   No. 20-10577, 2021 WL 2349455 (E.D. Mich. Feb. 25, 2021) ...................... 23

*Rogers v. Webstaurant, Inc.*,
   No. 4:18-CV-00074-JHM, 2018 WL 4620977 (W.D. Ky. Sept. 26, 2018) .... 12

*Santos v. E&R Servs., Inc.*,
   No. DLB-20-2737, 2021 WL 6073039 (D. Md. Dec. 23, 2021)..................... 19

*Sperling v. Hoffmann-LaRoche, Inc.*,
   118 F.R.D. 392 (D.N.J.) ................................................................. 2

*Stang v. Paycor, Inc.*,
   No. 1:20-CV-00882, 2022 WL 354593 ........................................... 17

*Steffen v. Cont. Sweepers & Equip. Co.*,
   No. 2:17-CV-579, 2017 WL 5054569 (S.D. Ohio Oct. 18, 2017) .................. 13

*Stine v. Fedex Ground Package Sys., Inc.*,
   No. CV 18-114-DLB-CJS, 2019 WL 2518127 (E.D. Ky. June 18, 2019) ..... 13

*Stransky v. HealthONE of Denver, Inc.*,
   868 F. Supp. 2d 1178 (D. Colo. 2012) ........................................... 23

*Symczyk v. Genesis HealthCare Corp.*,
   656 F.3d 189 (3d Cir. 2011) ........................................................... 5

*Tennesse,*
   e Coal, Iron & R. Co. v. Muscoda Loc. No. 123, 321 U.S. 590 (1944) .......... 24

*Thomas v. Maximus, Inc*,
   No. 3:21CV498 (DJN), 2022 WL 598053 (E.D. Va. Feb. 28, 2022)............. 19

*Tony & Susan Alamo Found. v. Sec'y of Lab.*,
   471 U.S. 290 (1985) ....................................................................... 24

*White v. Baptist Mem'l Health Care Corp.*,
   699 F.3d 869 (6th Cir. 2012) ........................................... 11, 12, 14

*Wlotkowski v. Michigan Bell Tel. Co.*,
   267 F.R.D. 213 (E.D. Mich. 2010) ................................................................. 11
*Zavala v. Wal Mart Stores Inc.*,
   691 F.3d 527 (3d Cir. 2012) ........................................................................ 11

## Statutes

26 U.S.C. § 501(c)(6) .................................................................................. i
29 U.S.C. § 216(b) ..........................................................................passim
29 U.S.C. § 255(a) ...................................................................................... 21
29 U.S.C. § 256 ........................................................................................... 22
29 U.S.C. § 256(b) ..................................................................................... 11

## Rules

Fed. R. App. P. 29 ...................................................................................... 26
Fed. R. App. P. 32(a)(5) ............................................................................. 26
Fed. R. App. P. 32(a)(6) ............................................................................. 26
Fed. R. Civ. P. 23 ...........................................................................passim

## Other Authorities

7B Fed. Prac. & Proc. Civ. § 1807 (3d ed.) ............................................. 14
*Class Struggle at the Door: The Origins of the Portal-to-Portal Act of 1947*,
   39 Buff. L. Rev. 53 (1991) .......................................................................... 5
*What Have I Opted Myself into? Resolving the Uncertain Status of Opt-in*
   *Plaintiffs Prior to Conditional Certification in Fair Labor Standards Act*
   *Litigation*,
   96 Minn. L. Rev. 1544 (2012) .................................................................. 16

# TABLE OF CONTENTS

DISCLOSURE STATEMENT ...................................................i

TABLE OF AUTHORITIES .....................................................ii

TABLE OF CONTENTS .........................................................vi

*AMICUS CURIAE*'S INTEREST ...............................................1

INTRODUCTION & SUMMARY ............................................2

ARGUMENT .........................................................................3

    1.  The History of FLSA Collective Actions........................3

    2.  The Sixth Circuit Follows the Two-Step Process for Handling
FLSA Collective Actions. .............................................10

    3.  Courts in this Circuit (and Elsewhere) Reject *Swales*. ..............15

    4.  Alternatively—The Stated Purpose of the FLSA Requires
Tolling Absent "Conditional" Certification ..................21

CONCLUSION ........................................................................24

CERTIFICATE OF COMPLIANCE .......................................26

CERTIFICATE OF SERVICE.................................................27

## *AMICUS CURIAE*'S INTEREST

NELA is the largest bar association in the country focused on empowering workers' rights attorneys. NELA and its 69 circuit, state, and local affiliates have a membership of over 4,000 attorneys who are committed to protecting the rights of workers, including low-wage workers engaged in wage and hour disputes. NELA has a particular interest in ensuring workers victimized by wage theft can recover the unpaid wages owed to them under the law.

## INTRODUCTION & SUMMARY

There is a reason why the two-step process is the dominant method for handling FLSA, opt-in, collective actions: It works. "In particular, the two-step process has the advantage of informing the original parties and the court of the number and identity of persons desiring to participate in the suit. With that information, analysis may be performed on the viability of the [actual] class and its representatives." *Clarke v. Convergys Customer Mgmt. Grp., Inc.*, 370 F. Supp. 2d 601, 605 (S.D. Tex. 2005). Allowing "notice *before* the 'similarly situated' issue is decided" insures "all possible class members who are interested are present, and thereby assure that the full 'similarly situated' decision is informed, efficiently reached, and conclusive." *Sperling v. Hoffmann-LaRoche, Inc.*, 118 F.R.D. 392, 406 (D.N.J.), *aff'd in part, appeal dismissed in part sub nom.*, 862 F.2d 439 (3d Cir. 1988), *aff'd and remanded sub nom. Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).

The two-step process is consistent with the remedial purposes of the FLSA and the Supreme Court's instruction that the benefits of the collective action process depend on timely notice. This Court should decline Appellants' request to abandon it.

2

## ARGUMENT

### 1.    The History of FLSA Collective Actions.

Since 1938, the FLSA has authorized plaintiffs to bring actions on behalf of "themselves and other employees similarly situated[.]" Fair Labor Standards Act, ch. 676, § 16(b), 52 Stat. 1060, 1069 (1938).[1] In current, relevant part, FLSA Section 16(b) provides:

> An action to recover the liability prescribed in [FLSA Sections 6 or 7] may be maintained against any employer … in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

It "is evident from the statute that workers may litigate jointly if they (1) claim a violation of the FLSA, (2) are 'similarly situated,' and (3) affirmatively opt in to the joint litigation, in writing." *Campbell v. City of*

---

[1] Indeed, originally, employees could even "designate an agent or representative" to sue on "behalf of all employees similarly situated." While this type of "representative action" was eliminated in 1947 with the passage of the Portal-to-Portal Act, *See* Portal-to-Portal Act of 1947, Ch. 52, § 5, 61 Stat. 84, 87 (1947), even opponents of so-called "representative actions" voiced no opposition to a "collective action … brought by one [employee] collectively for himself and others." *See* 93 Cong. Rec. 2182, 80th Cong., 1st Session (Remarks of Senator Donnell).

*Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018) (citing 29 U.S.C. § 216(b)). The statutory "right provided by [the FLSA]" to litigate jointly has two permutations. 29 U.S.C. § 216(b). "The statute refers to '[t]he right ... to bring an action by or on behalf of any employee,' and to 'the right of any employee to become a party plaintiff to any such action,' … that is, the right to bring the collective litigation and the right to join it." *Campbell*, 903 F.3d at 1100 (quoting 29 U.S.C. § 216(b)). But the statute does not prescribe terms for the resulting proceeding and does not provide a definition of "similarly situated." *Id.* The terms "Certification," "Conditional Certification," "Provisional Certification," "Decertification," and the like do not appear anywhere in text of the statute. 29 U.S.C. § 216(b). These terms have instead been borrowed—or more accurately misappropriated—from Federal Rule of Civil Procedure 23, which governs class actions in federal court.

Collective actions and class actions are creatures of distinct texts—collective actions of 29 U.S.C. § 216(b) and class actions of Rule 23—that impose distinct requirements. *Campbell*, 903 F.3d at 1101.[2] This

---

[2] The original version of Fed. R. Civ. P. 23 went into effect shortly before the original version of FLSA Section 16(b). *See* Marc Linder, *Class*

"expedient adoption of Rule 23 terminology with no mooring in the statutory text of § 216(b)" has injected "a measure of confusion into the wider body of FLSA jurisprudence." *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 194 (3d Cir. 2011), *rev'd on other grounds,* 569 U.S. 66 (2013); *Campbell*, 903 F.3d at 1101 (same). The term "certification" calls to mind an affirmative decision by the district court, as in the Rule 23 context, to allow a class action to go forward. *See* Fed. R. Civ. P. 23(c)(1)(A); *Campbell*, 903 F.3d at 1101. However, unlike in the Rule 23 context, in an FLSA collective action the district court is not needed for, and plays, no such gatekeeping role. *Id.*

Conditional certification is "neither necessary nor sufficient for the existence of a [collective] action." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010). Preliminary certification in the FLSA context does not "produce a class with an independent legal status[ ] or join additional parties to the action." *Genesis Healthcare Corp.*, 569 U.S. at 75. "The ***sole*** consequence" of a successful motion for preliminary certification is "the

---

*Struggle at the Door: The Origins of the Portal-to-Portal Act of 1947*, 39 Buff. L. Rev. 53, 167 (1991).

sending of court-approved written notice" to workers who may wish to join the litigation as individuals. *Id.* (emphasis added).

"Decertification" is another term inappropriately borrowed from the Rule 23 context. *Campbell*, 903 F.3d at 1101. Once again, the term implies that a district court has some threshold role in creating a collective action. *Id.* But, § 216(b) provides for no "certification" process. *Id.* Under § 216(b), workers have a "right" to bring or join a collective action, and may create the collective action of their own accord by filing opt-in forms. *See* 29 U.S.C. § 216(b); *Genesis Healthcare Corp.*, 569 U.S. at 75; *Campbell*, 903 F.3d at 1101–02. "For a collective action to be 'decertified,' then, means that the plaintiffs cannot proceed collectively on the existing complaint because they are not similarly situated, so the opt-in plaintiffs must be dismissed." *Campbell*, 903 F.3d at 1102.

Rule 23 allows for representative actions in which class members' interests are litigated by the named plaintiff. In part because of the due process concerns inherent in such a proceeding, the district court must initially approve the creation of a class and the appointment of an adequate representative. *See Phillips Petroleum Co. v. Shutts*, 472 U.S.

797, 811–12 (1985); *Campbell*, 903 F.3d at 1105. Class action members are often "absent," whose identify is initially unknown to the court.

Conversely, a collective action is not a comparable form of representative action. *Campbell*, 903 F.3d at 1105. "Just the opposite: Congress added the FLSA's opt-in requirement with the express purpose of 'bann[ing]' such actions under the FLSA." *Id.* (*citing* Portal-to-Portal Act of 1947, Pub. L. No. 80-49, § 5(a), 61 Stat. 84, 87 and *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989)). Therefore, unlike in Rule 23 cases, "conditional certification [of an FLSA collective action] does not serve the purpose of joining plaintiffs to the action." *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018).

"A collective action is more accurately described as a kind of mass action, in which aggrieved workers act as a collective of individual plaintiffs with individual cases—capitalizing on efficiencies of scale, but without necessarily permitting a specific, named representative to control the litigation, except as the workers may separately so agree." *Campbell*, 903 F.3d at 1105 (*citing Abraham v. St. Croix Renaissance Grp., L.L.L.P*, 719 F.3d 270, 272 n.1 (3d Cir. 2013). The opt-in plaintiffs thus choose whether and when to "become parties to a collective action

only by filing a written consent with the court." *Genesis Healthcare Corp.*, 569 U.S. at 75; *Campbell*, 903 F.3d at 1105. Nothing in § 216(b) supports application of a "rigorous" standard cabining the Court's discretion to provide court-approved notice.

For example, in confirming a district court's authority to authorize court-approved notice under § 216(b), the Supreme Court said absolutely nothing to suggest that the decision of whether to issue notice under § 216(b) should be governed by Rule 23. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989). In that case, the Supreme Court reviewed a decision granting the plaintiffs the right to send a court-approved notice to those potentially similarly situated employees who had not yet opted-into the litigation. 493 U.S. at 168. In fact, the District Court had approved the issuance of such notice under the two-stage *Lusardi* analysis.[3] As noted above, § 216(b)'s statutory language says absolutely nothing about certification, conditional certification, or decertification. As a result, a conflict had developed between the Circuits regarding

---

[3] *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995) ("We read the *Sperling* case as simply another example of the two-stage *Lusardi* analysis.").

whether courts could facilitate issuance of a court-approved notice process to potentially similarly-situated employees notifying them of the pending FLSA case and their right to opt-in by filing a written consent. *Compare Braunstein v. E. Photographic Lab'ys, Inc.*, 600 F.2d 335, 336 (2d Cir. 1978) (court-authorized notice permitted), *cert. denied*, 441 U.S. 944 (1979), with *McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213– 1217 (8th Cir. 1984), *abrogated by Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) (court-authorized notice impermissible). The Supreme Court stated "the facts and circumstances of this case illustrate the propriety, *if not the necessity*, for court intervention in the notice process." *Hoffmann-La Roche Inc.*, 493 U.S. at 170 (emphasis added).

Noting that "Congress has stated its policy that [FLSA] plaintiffs should have the opportunity to proceed collectively," the Supreme Court discussed the advantages of collective actions – primarily that they allow "plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources" and benefit the judicial system "by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Id.* The Court went on to discuss, however, that receipt of these benefits "depend[s] on employees

receiving **_accurate_** and **_timely_** notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.* (emphasis added). The Supreme Court determined that accurate and timely notice was best achieved through court supervision. *Id.* at 170–71.

The Supreme Court went on to hold that "[b]ecause trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time." 493 U.S. at 171. This goal is clearly accomplished by the two-stage *Lusardi* process.

2. **The Sixth Circuit Follows the Two-Step Process for Handling FLSA Collective Actions.**

Other than the *Swales* panel, every Circuit to have squarely addressed the issue has adopted the two-step approach to FLSA collective action "certification." This includes the Sixth Circuit. "District courts [in the Sixth Circuit] determine whether plaintiffs are similarly situated in a two-step process, the first at the beginning of discovery and the second after all class plaintiffs have decided whether to opt-in and discovery has concluded." *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877

(6th Cir. 2012) (citing *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006)).[4]

The two-step conditional certification approach is informed by the remedial purposes of the FLSA, as well as the important differences between conditional certification under the FLSA and class certification under Rule 23. *See Monroe v. FTS USA, LLC*, 860 F.3d 389, 405–06 (6th Cir. 2017) (We "refuse[] to equate the FLSA certification standard for collective actions to the more stringent certification standard for class actions under Rule 23.").[5]

---

[4] Circuit Courts throughout the country have adopted a similar approach. *See Myers*, 624 F.3d at 554–55 ("district courts of this Circuit appear to have coalesced around a two-step method [for conditional certification]"); *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) (affirming use of two-step approach); *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) ("[t]he two-tiered approach to certification of § 216(b) opt-in classes ... appears to be an effective tool for district courts to use in managing these often complex cases, and we suggest that district courts in this circuit adopt it in future cases.").

[5] Notice should issue as quickly as possible. *See* 29 U.S.C. § 256(b); *Lewis v. Huntington Nat. Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011)); *see also Wlotkowski v. Michigan Bell Tel. Co.*, 267 F.R.D. 213, 219 (E.D. Mich. 2010) ("unlike class actions under Rule 23, conditional certification of a collective action under § 216(b) of the FLSA does not toll the statute of limitations for potential plaintiffs."). As the Supreme Court explained in *Hoffmann-La Roche Inc.*, 493 U.S. at 172–73, the issuance of early notice

The first step—conditional certification—takes place early in the case "at the beginning of discovery[.]" *White*, 699 F.3d at 877 (citing *Comer*, 454 F.3d at 546.[6] "At this stage, courts generally consider the pleadings and any affidavits which have been submitted." *Rogers v. Webstaurant, Inc.*, No. 4:18-CV-00074-JHM, 2018 WL 4620977, at *2 (W.D. Ky. Sept. 26, 2018).[7] A plaintiff is entitled to issue notice at an

---

helps the court manage the case, allowing it to "ascertain the contours of the action at the outset."

[6] "The Sixth Circuit . . . clearly contemplates that the initial inquiry regarding whether the lead plaintiff and potential opt-in plaintiffs are similarly situated will generally occur prior to discovery, with the ultimate certification decision to be made after discovery is complete." *Noble v. Serco, Inc.*, No. CIV.A.3:08-76-DCR, 2009 WL 3154252, at *2 (E.D. Ky. Sept. 28, 2009). *See also Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 468 (N.D. Cal. 2004) ("[S]hould the court bypass tier one entirely, some potential plaintiffs might not become aware of the lawsuit and would not have an opportunity to join the suit. And should the court proceed to tier two on an unsettled factual record, the court might be deprived of crucial facts that would support plaintiffs' arguments for class treatment.").

[7] *See also Jones-Turner v. Yellow Enter. Sys., LLC*, No. CIV.A. 3:07-CV-218-S, 2007 WL 3145980, at *2 (W.D. Ky. Oct. 25, 2007) (quoting *Crawford v. Lexington-Fayette Urb. Cnty. Gov't*, No. CIV.A.06-299 JBC, 2007 WL 293865, at *5 (E.D. Ky. Jan. 26, 2007)) ("Generally speaking, at the first stage of conditional certification, courts require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."); *Hambrick v. Promevo, LLC*, No. CV 19-17-DLB-CJS, 2020 WL 3621315 (E.D. Ky. July

early stage of an FLSA suit, as long as he is able to make a "modest factual showing" that a group of similarly situated individuals exists. *Comer*, 454 F.3d at 547 (*quoting Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002)).[8]

The standard for granting conditional certification is "fairly lenient" and "typically results in conditional certification of a representative class" when determining whether plaintiffs are similarly situated during the first stage of the class certification process. *White*,

---

2, 2020) ("[r]equiring additional factual support or weighing the defendant's competing factual assertions prior to discovery, would 'intrude improperly into the merits of the action.'") (citing *Hamm v. S. Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 874–75 (S.D. Ohio 2017)). Indeed, several courts in this Circuit and elsewhere have rejected unilateral requests for discovery made by defendants prior to conditional certification. *See*, *e.g.*, *Jowers v. NPC Int'l, Inc.*, No. 13-1036, 2016 WL 4435261, at *4 (W.D. Tenn. Aug. 22, 2016); *Steffen v. Cont. Swepers & Equip. Co.*, No. 2:17-CV-579, 2017 WL 5054569, at *2 (S.D. Ohio Oct. 18, 2017); *Brasfield v. Source Broadband Servs., LLC*, No. 2:08-2092-JPM/DKV, 2008 WL 2697261, at *2 (W.D. Tenn. June 3, 2008).

[8] At this preliminary stage, "a court 'does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility.'" *Bernardez v. Firstsource Sols. USA, LLC*, No. 3:17-CV-613-RGJ, 2019 WL 4345986, at *3 (W.D. Ky. Sept. 12, 2019) (*quoting Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016)); *Stine v. Fedex Ground Package Sys., Inc.*, No. CV 18-114-DLB-CJS, 2019 WL 2518127, at *5 (E.D. Ky. June 18, 2019) (citing *Hamm*, 275 F. Supp. 3d at 877) ("Factual disputes . . . are not to be considered during the first stage of the two-tiered certification procedure.").

699 F.3d at 877 (citing *Comer*, 454 F.3d at 547). At the decertification stage, which comes after discovery is complete, the parties and the court revisit the conditional certification inquiry based on a fuller record. *Comer*, 454 F.3d at 547.

The purpose of the two-step approach "is to determine the size and contour of the group of employees who may become collective members and whether these potential members are 'similarly situated.'" *Briggs v. PNC Fin. Servs. Grp., Inc.*, No. 15-CV-10447, 2016 WL 1043429, at *2 (N.D. Ill. Mar. 16, 2016); *see also Hoffmann-La Roche Inc.*, 493 U.S. at 170 (Collective actions benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact. . . ."); *Nicks v. Koch Meat Co.*, 265 F. Supp. 3d 841, 848 (N.D. Ill. 2017) (citing Charles A. Wright, et al, Collective Actions Under the Fair Labor Standards Act, 7B *Fed. Prac. & Proc. Civ.* § 1807 (3d ed.)) ("The purpose of conditional certification is to determine the size and contour of the group of employees who may become collective members and whether these potential members are "similarly situated."). As the Supreme Court has recognized, "[t]he ***sole consequence*** of conditional certification is the sending of court-approved written notice to employees, ... who in turn

become parties to a collective action only by filing written consent with the court, § 216(b)." *Genesis Healthcare Corp.*, 569 U.S. at 75 (emphasis added). Procedural fairness and judicial efficiency are best served by conditionally certifying, and promptly providing notice to, members of a proposed collective. *See Hoffmann-La Roche Inc.*, 493 U.S. at 170 (holding the benefits of a collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate"). Therefore, the standard for "conditional certification … should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555 (emphasis in original).

**3.    Courts in this Circuit (and Elsewhere) Reject *Swales*.**

Courts in the Sixth Circuit have repeatedly declined to follow *Swales* and have reaffirmed the two-step approach to conditional certification as the law of the Sixth Circuit. As one court explained in rejecting *Swales*:

> Court-authorized notice is desirable to 'expedite disposition of the action,' avoid multiple lawsuits, and prevent plaintiffs' counsel from soliciting collective members with 'misleading communications.' . . . Two-step certification effectively

> implements *Hoffman-La Roche*'s guidance. Providing notice
> at the beginning of discovery expedites disposition of the case.
> It provides the parameters of the litigation early on, which
> helps courts structure discovery and ensures there will not be
> duplicative litigation. It also clarifies the status of opt-in
> plaintiffs who joined the action without court involvement.

*Branson v. All. Coal, LLC*, No. 4:19-CV-00155-JHM, 2021 WL 1550571, at *3 (W.D. Ky. Apr. 20, 2021) (citing *Hoffmann-La Roche Inc.*, 493 U.S. at 171–72; Carl Engstrom, *What Have I Opted Myself into? Resolving the Uncertain Status of Opt-in Plaintiffs Prior to Conditional Certification in Fair Labor Standards Act Litigation*, 96 Minn. L. Rev. 1544 (2012) (internal citation omitted)).

In another decision, the district court explained it would "follow the historical, two-stage approach most often utilized in this circuit. Given that, generally, 'courts require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan' additional discovery is not required [prior to conditional certification]." *Brewer v. All. Coal, LLC*, No. 7:20-CV-0041-DLB-EBA, 2021 WL 1307721, at *1 (E.D. Ky. Apr. 6, 2021) (quoting *Crawford*, 2007 WL 293865, at *5) (internal quotation omitted). "The Court, at this stage, need only use a lenient standard to determine whether the Plaintiff has made a 'modest factual showing to demonstrate

16

that [he is] similarly situated to the putative plaintiffs.'" *Id.* (quoting *Jones-Turner*, 2007 WL 3145980, at *2) (citing *Comer*, 454 F.3d at 547)).

All other courts in this Circuit which have been confronted with *Swales* have made clear that the traditional two-step framework for conditional certification used in the Sixth Circuit remains unchanged. *See Jones v. Converse Elec., Inc.*, No. 21CV-1830, 2021 WL 5027411, at *3 (S.D. Ohio Oct. 29, 2021) ("[t]his Court, like every other Sixth Circuit district court to have been so invited, declines Converse's invitation [to apply *Swales*] . . . *Comer's* two-step model will govern here."). In *Kleinhans v. Greater Cincinnati Behav. Health Servs.*, No. 1:21-CV-00070, 2022 WL 682664, at *1 (S.D. Ohio Mar. 8, 2022), the court explained that "the Sixth Circuit has historically acknowledged and approved the two-stage process . . . Defendant provides no authority from the Sixth Circuit that rejects the two-phase certification process. Absent contrary direction from the Sixth Circuit, the Magistrate Judge's holding that courts in this Circuit are to follow the two-step process is not contrary to law." Likewise, in *Stang v. Paycor, Inc.*, No. 1:20-CV-00882, 2022 WL 354593, at *2, n. 4 (S.D. Ohio Feb. 7, 2022), n. 4 (S.D. Ohio Feb. 7, 2022), the court made clear that it "declines Defendant's invitation to

17

disregard the Sixth Circuit's authority on the two-phase FLSA certification process in favor of the U.S. Court of Appeals for the Fifth Circuit's recent rejection of the two-phase certification process in *Swales*[.]" In *McClurg v. Dallas Jones Enterprises Inc.*, No. 4:20-CV-00201-JHM, 2021 WL 5763563, at *3 (W.D. Ky. Dec. 3, 2021), the court made clear that "district courts within the Sixth Circuit have continued to adhere to the two-tiered approach subsequent to the Fifth Circuit's decision in *Swales.*"

Courts outside the Sixth Circuit have likewise refused to adopt the approach set out by *Swales. See Clark v. Sw. Energy Co.*, No. 4:20-CV-00475-KGB, 2022 WL 993755, at *3 (E.D. Ark. Mar. 31, 2022) ("Southwestern has not presented any persuasive reason why this Court should deviate from the widely used two-stage approach. The Court declines to apply *Swales*, as have other district courts in the Eighth Circuit."); *McCoy v. Elkhart Prod. Corp.*, No. 5:20-CV-05176, 2021 WL 510626, at *2 (W.D. Ark. Feb. 11, 2021) (Defendant requests the Court to follow the recent Fifth Circuit opinion in *Swales* . . . The Court will follow the historical, two-stage approach, which has proven to be an efficient means of resolution of this issue . . . Defendant's complaint that the two-

stage approach leads courts to grant conditional certification without reviewing if potential opt-in plaintiffs are similarly situated is unfounded."); *Murphy v. Lab. Source, LLC*, No. 19-CV-1929 (ECW), 2022 WL 378142, at *11 (D. Minn. Feb. 8, 2022) (refusing to apply *Swales* and noting "the Court finds that the decision in *Swales* undermines the discretion afforded to district Court in implementing section 216(b)"); *Thomas v. Maximus, Inc*, No. 3:21CV498 (DJN), 2022 WL 598053, at *3 (E.D. Va. Feb. 28, 2022) ("The Court declines Defendant's invitation to apply [the *Swales*] standard and will follow the approach of a litany of other courts within the Fourth Circuit, which have done the same when presented with this issue.") (collecting Fourth Circuit cases rejecting *Swales*); *Santos v. E&R Servs., Inc.*, No. DLB-20-2737, 2021 WL 6073039, at *3 (D. Md. Dec. 23, 2021) ("This Court declines the defendants' invitation to depart from the two-stage certification process. The Fifth Circuit decision in *Swales* is not binding on this Court."); *Kapzynski v. Colt Barbeque & Spirits LLC*, No. CV-21-08040-PCT-MTL, 2021 WL 6063533, at *2 (D. Ariz. Dec. 22, 2021) (rejecting Swales as inconsistent with Ninth Circuit precedent); *Hunter v. Legacy Health*, No. 3:18-CV-02219-AC, 2021 WL 4238991, at *11 (D. Or. Apr. 13, 2021) (refusing to

19

apply Swales and noting "the *Campbell* court expressly recognized, and implicitly approved, of the two-step inquiry that applies two separate standards. This is contrary to Swales"); *Morris v. MPC Holdings, Inc.*, No. 20-CV-02840-CMA-NYW, 2021 WL 4124506, at *2 (D. Colo. Sept. 9, 2021) ("Defendant argues ... this Court should follow the approach adopted by the Fifth Circuit in *Swales* .... The Court rejects this argument."); *Piazza v. New Albertsons, LP*, No. 20-CV-03187, 2021 WL 365771, at *5 (N.D. Ill. Feb. 3, 2021), *motion to certify appeal denied sub nom.*, 2021 WL 3645526 (N.D. Ill. Aug. 16, 2021) ("The Court declines New Albertsons' invitation to deviate from the well-established process or standard to allow the parties to engage in extensive discovery based on *Swales*").

Respectfully, *Swales* refused to learn from the experience of dozens of other courts with decades of experience handling FLSA collective actions. This Court should not join in this experiment. The two-step process, honed over decades of judicial experience, comports with the judicial discretion and Congressional discretion recognized in *Hoffman-La-Roche, Inc.*

20

**4.    Alternatively—The Stated Purpose of the FLSA Requires Tolling Absent "Conditional" Certification**

The necessity of early certification (and the early issuance of court-approved notice) is axiomatic in FLSA collective actions—every week that passes is a week putative class members lose their ability to recover their unpaid back-wages. The FLSA's wasting statute of limitations therefore ensures that time is of the essence. *See* 29 U.S.C. § 255(a) (providing an automatic 2-year statute of limitations from the date the "cause of action accrues"[9] and allowing for a 3-year statute of limitations in the event the defendant acted willfully in violating the FLSA). It is because of this inherent "count-down" that plaintiffs across the country prioritize filing for conditional certification and the issuance of notice so those putative class members can learn of the pending lawsuit(s) and determine for themselves whether to take affirmative action to participate as party plaintiffs.

---

[9] For limitations purposes, a cause of action accrues "at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 187 (6th Cir. 2008) (citations omitted).

Unlike class actions brought pursuant to Federal Rule of Civil Procedure 23, to bring a claim under the FLSA, a plaintiff must file a written consent to opt-in to the collective action. 29 U.S.C. § 216(b) (allowing an aggrieved employee to bring a collective FLSA action against the employer, provided that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought"), abrogated on other grounds by *Alden v. Maine*, 527 U.S. 706, 759–60 (1999). For purposes of the statute of limitations, it is the actual filing of the written consent that "commences" an FLSA collective action:

> [I]n the case of a collective or class action instituted under the [FLSA], it shall be considered to be commenced in the case of any individual claimant—
>
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256. It is Congress' requirement that *each* member of the collective file their individual written consent that forms the basis for the

two-step certification process followed by district courts across the country.

To the extent this Court considers changing the standard and/or process by which collective actions are certified, this Court must also consider implementing a tolling mechanism so that the putative class members' ability to recover their unpaid back-wages is not harmed. *See James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 927 (D. Kan. 2021) (citing *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1181–82 (D. Colo. 2012)). Doing otherwise is "particularly unjust." *Stransky*, 868 F. Supp. 2d at 1182 (tolling the statute of limitations because "allowing Opt-In Plaintiffs' claims to diminish or expire due to circumstances beyond their direct control would be particularly unjust.").

Tolling in all FLSA cases is *currently* unnecessary because plaintiffs have a mechanism by which they can inform the putative class members about their ability to join the action at the outset of litigation. Indeed, the "only effect [of conditional certification] is to allow notice to the employees—the 'conditional-class members' do not become parties or obtain any 'independent legal status.'" *Riley v. SK United Corp.*, No. 20-10577, 2021 WL 2349455, at *3 (E.D. Mich. Feb. 25, 2021), *adopted,* 2021

WL 2010388 (E.D. Mich. May 20, 2021) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66 (2013)).

Should that early notice mechanism be stripped from them, however, tolling will become necessary to prevent injustice to those individuals most vulnerable to wage theft. Holding otherwise defeats the broad remedial purpose of the FLSA. *See Ball v. Memphis Bar-B-Q Co.*, 228 F.3d 360, 366 (4th Cir. 2000) ("[T]he [Supreme] Court has instructed us to construe the FLSA 'liberally to apply to the furthest reaches consistent with congressional direction.") (quoting *Tony & Susan Alamo Found. v. Sec'y of Lab.*, 471 U.S. 290, 296 (1985)); *Tennessee Coal, Iron & R. Co. v. Muscoda Loc. No. 123*, 321 U.S. 590, 597 (1944)(recognizing that the "FLSA is a remedial statute . . . [that] "must not be interpreted or applied in a narrow, grudging manner[ ]")).

## CONCLUSION

It is often said that experience is the best teacher. Experience shows that the two-step method is a reliable tool for handling FLSA collective actions. As virtually every Circuit Court has done, this Court should affirm its use.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

    */s/ Richard J. (Rex) Burch*
By: _____
    Richard J. (Rex) Burch
11 Greenway Plaza, Ste. 3025
Houston, Texas 77046
(713) 877-8788
rburch@brucknerburch.com

Clif Alexander
Lauren E. Braddy
**ANDERSON ALEXANDER, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401

Sarah Schalman-Bergen
Olena Savytska
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116

**Attorneys for *Amicus Curiae*
National Employment Lawyers
Association**

## CERTIFICATE OF COMPLIANCE
## WITH THE TYPE-VOLUME LIMIT

1.      This document complies with the type-volume limit of Fed. R. App. P. 29 because the entire document contains 5,678 words, using the Microsoft Word "word count" function, which is less than maximum length for a party's principal brief.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.


Date: June 28, 2022.                    /s/ Richard J. (Rex) Burch
                                        Richard J. (Rex) Burch
                                        **BRUCKNER BURCH PLLC**
                                        11 Greenway Plaza, Ste. 3025
                                        Houston, Texas 77046
                                        (713) 877-8788
                                        rburch@brucknerburch.com

                                        **Attorney for *Amicus Curiae***
                                        **National Employment**
                                        **Lawyers Association**

26

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2022, I electronically filed the foregoing using the court's CM/ECF system, which will send notification of such filing to the following:

/s/ Richard J. (Rex) Burch
Richard J. (Rex) Burch
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Ste. 3025
Houston, Texas 77046
(713) 877-8788
rburch@brucknerburch.com

**Attorney for *Amicus Curiae***
**National Employment**
**Lawyers Association**